Ex parte José Rodas García, Petitioner.

No. 94.   Decided May 29, 1933.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

José Rodas García, alleging that he is over 21 years of age, an American citizen residing in this island, and a second lieutenant, Infantry Reserve of the United States Army; that he has finished his primary education, and continued his secondary education in the College of Agriculture and Mechanical Arts of Mayagüez, where he graduated in Politechnic Sciences, in 1920; that he obtained the degree of Bachelor in Mechanical Engineering from Ohio Northern University, in 1922, and that of Bachelor of Laws, issued by the "La Salle Extension University" of Chicago, Ill., in 1928, has applied to this Court for admission to the bar examinations and for the issuance to him in due course of the corresponding license to practice law in Puerto Rico.

To that end he invoked Act No. 29 of 1927 (Sess. Laws, p. 173), section 2 of which provides in its pertinent part as follows:

"Section 2.—All persons not heretofore admitted to practice law in this Island, as prescribed in Section 1 of this Act, who shall have obtained a diploma as attorney-at-law in any accredited national or foreign university, shall be admitted to practice law in the courts of Porto Rico if they previously comply with the following requirements, if they prove to the satisfaction of the examining court that at the time of beginning their law studies they were *bona-fide* citizens of the United States of America:

"1. Presentation to the Supreme Court of Porto Rico of the corresponding diploma, it being understood that such diploma is not to have been obtained by correspondence; and it being further understood that a title or diploma acquired by free education in the form and under the conditions usual in some state universities, in Europe, or in the University of Porto Rico, shall not be understood as being obtained by correspondence."

Petitioner further alleged "that said University (La Salle Extension University) as the name indicates, is not, properly speaking, a correspondence school, but an Extension University offering a Law course by free education in the form and under the conditions usual in some universities of the United States," and that he received his diploma "after appearing for a general final examination before an attorney appointed for that purpose by said University."

The act says, "some state universities, in Europe, or in the University of Porto Rico." What the lawmaker had in mind was the plan of free education whereby persons, whether they attend or not the classes, enroll in one of said universities and are periodically examined subject by subject, before a board of professors of such university, subject to the same schedule applicable to the regular course of studies, and when all the subjects are thus completed, they take theoretical and practical examinations, and if they pass them they receive the diploma which authorizes them to practice their profession.

According to the allegations of the application, the diploma obtained by the applicant was not acquired under the conditions above stated, nor from any university maintaining such a plan of studies.

The application itself shows that the applicant entertained strong doubts when invoking the statute we have interpreted, since he alleges:

"Although the laws we have mentioned in paragraphs 12 and 13 of this application practically authorize petitioner to apply for admission to the examinations, petitioner herein does not desire to

rest his application exclusively on the rights he may have under said laws, but he further bases the same, most specially, on the discretionary power, universally recognized in the courts, to admit candidates to bar examinations; for 'the power to admit candidates for the practice of law is judicial and not legislative and consequently belongs exclusively to the courts.' (See 4 Cyc. 900; *In re Day*, 181 Ill. 73; *In re Splane*, 123 Pa. 527; 2 R.C.L. 941, sec. 6; *In re Applicants for License*, 143 N. C. 1, 55 S. E. 635; 10 Ann. Cas. 187; 10 L. R. Cas. 187; A.N.S. 288; *In re Goodwell*, 39 Wisc. 232; etc., etc.)''

We believe that this Court really has the power referred to by the applicant, but it will feel justified in exercising the same only in very extraordinary cases; and although there is no doubt that petitioner is well trained in various subjects that might be quite useful to him in the practice of the law, it must be conceded that his case does not present the extraordinary circumstances which would justify the Court in adopting such rule, especially since the preliminary legal studies are evidenced merely by a diploma which clearly shows to have been obtained by correspondence, and the Legislature has expressly said: ''provided said diploma (which must be presented to the Court in order to be admitted to the examinations) has not been acquired by correspondence.'' Petitioner can always avail himself of the free plan of studies maintained by the University of this island, if he cannot enroll in the regular course offered therein.

In virtue of all the foregoing the petition must be denied.